JOHN QUINCY BROWN III, #60681
STEPHEN W. ROBERTSON, #228708
**HARDY ERICH BROWN & WILSON**
A Professional Law Corporation
1000 G Street, 2nd Floor
Sacramento, California 95814
P.O. Box 13530
Sacramento, California 95853-3530
(916) 449-3800 ● Fax (916) 449-3888

Attorneys for Defendant and Cross-Defendant THE WELLA CORPORATION, a Delaware Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAITLYNN YOUNG, a minor, by and through her Guardian ad Litem, JULIE MORSS,<br><br>        Plaintiff.<br><br>    v.<br><br>REGIS CORPORATION, a Minnesota Corporation; and DOES 1 through 20; and ROES 1 through 10,<br><br>        Defendants. | Case No. CV 10-02634 SI<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| REGIS CORPORATION, a Minnesota Corporation,<br><br>        Cross-Complainant.<br><br>    v.<br><br>THE WELLA CORPORATION, a Delaware Corporation, and ROES 1 - 100, inclusive,<br><br>        Cross-Defendant. | |

Subject to the approval of this Court, the parties stipulate to the following protective order:

1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order

---

g:\home\client\0634\08930\00052465 docx      1      STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

(hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to proprietary or non-public information of a commercially, financially or personally sensitive nature including, but without limitation, confidential trade secrets, unpublished financial data, confidential business or product plans, or confidential customer supplier information, the disclosure of which may have the affect of causing harm to the parties from which the information was obtained.

By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.  Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

///

g:\home\client\0634\08930\00052465.docx    2    STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.



1000 G Street, 2d Floor
Sacramento, CA 95814
phone (916) 449-3800
fax (916) 449-3888

g:\home\client\0634\08930\00052465.docx     3     STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.  If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10.  In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.  This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become



H A R D Y
E R I C H
B R O W N
WILSON
A Professional Law Corporation
Established in 1967

1000 G Street, 2d Floor
Sacramento CA 95814
phone (916) 449-3800
fax (916) 449-3888

known to the public, and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED:

KLINEDINST PC

Dated: ____1/26/11_____

/S/ Jason W. Schaff

JASON W. SCHAFF
Attorneys for Defendant/Cross-complainant
Regis Corporation
801 K Street, Suite 2800
Sacramento, CA 95814
(916) 444-7573

Dated: ____1/26/11_____

/S/ David L. Edwards

DAVID L. EDWARDS
Attorney for Plaintiff Kaitlynn Young, by and through Guardian Ad Litem Julie Morss
P.O. Box 993506
Redding, CA 96099-3506
(530) 221-0694

HARDY ERICH BROWN & WILSON

Dated: ____1/26/11_____

/S/ Stephen W. Robertson

STEPHEN W. ROBERTSON
Attorneys for Cross-defendant The Wella Corporation, a Delaware Corporation
1000 G Street, Suite 200
Sacramento, CA 95814
(916) 449-3800

APPROVED AND SO ORDERED:

Dated:_____

*Susan Illston*

UNITED STATES DISTRICT JUDGE