IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAITLYNN YOUNG, | No. C 10-02634 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| REGIS CORPORATION, et al. | |
| Defendants. | |

This order concerns a discovery dispute that has arisen between defendant-cross claimant Regis Corporation and defendant-cross defendant Wella Corporation. Wella asks the Court to compel Regis to answer five of what Wella labels contention interrogatories. Regis objects not to the interrogatories themselves, but to the timing of Wella's request, arguing that Wella is really seeking the opinions of Regis's experts prematurely.

Plaintiff sued defendants after allegedly suffering an injury to her head and scalp while at a hair salon in Eureka, California. Compl. ¶ 6. She alleges that Regis is the owner and operator of the hair salon, and that Wella manufactured the products used on her. Compl. ¶¶ 3, 14; First Am. Compl. She brings a negligence and negligent infliction of emotional distress claim against Regis, and a products liability claim against Wella. Regis, in turn, filed a cross complaint for equitable indemnity against Wella. Cross-Compl.

Several depositions have already been taken in this case, including the depositions of plaintiff, the hair stylist, the salon manager, and several others. It appears to have been clarified to the satisfaction of both Regis and Wella which two products were used on plaintiff. On May 5, Wella provided Regis with certain discovery that, Regis says, will allow it to explore with its experts for the

first time the precise chemical composition of the products at issue. The deadline to designate experts in this case is June 10, and the expert discovery cutoff date is August 26. Doc 18.

This discovery dispute concerns interrogatories six through ten, in which Wella asks whether Regis is making different types of defective products contentions, and asks for details about these contentions. Rule 33 permits Wella to ask for a "contention that relates to . . . the application of law to fact." *See* Fed. R. Civ. P. 33(a)(2). But Regis will not know what the underlying facts are until it obtains opinions from its experts, and sees upon which facts the experts rely. *See In re Convergent Tech. Securities Litig.*, 108 F.R.D. 328 (C.D. Cal. 1985). Regis should be given the opportunity to develop its expert testimony on the timeline decided by the parties and the Court. Regis's expert disclosures may or may not provide complete answers to the questions Wella has asked; if not, Regis is required to supplement its interrogatory answers at that time. *See id.* at 333 (explaining that "a contention interrogatory need not be answered" if "by using some other discovery tool a party could acquire information of comparable quality while imposing less of a burden on an opponent").

There are some subparts to the interrogatories that Regis could answer without relying on expert opinions. For example, in part a of interrogatory 6, Wella asks for information about the specific products that are allegedly defective. The Court will not compel Regis to answer this question, as the parties are in agreement as to which two products are allegedly defective, and Wella itself is the manufacturer of those products. In part d, Wella asks for information about the individuals in control of the products when they were being used on plaintiff. Again, the Court will not compel Regis to answer this question as plaintiff, the hair stylist, and the salon manager have already been deposed.

In subpart d of interrogatory 10, Regis is asked to state whether it was "ever aware of any danger or hazard in the use or operations of the products." This is not a contention interrogatory. As it asks only whether Regis was aware of danger or hazard, it does not depend on expert opinion. There is no reason for Regis not to answer this subquestion at this stage of the litigation.[1]

---

[1] Regis objected to interrogatory 10 on a number of grounds, including the fact that Wella defined "YOU" to include not only Regis, but also Regis's attorney. The Federal Rules require Regis to answer each interrogatory "to the extent it is not objected to." *See* Fed. R. Civ. P. 33(b)(3). Thus, Regis must state whether Regis (the party) was ever aware of any danger or hazard in the use or operation of the products at issue in this case.

1    For the foregoing reasons, Regis is ORDERED to respond to subpart d of interrogatory 10
2 **within seven days of the date of this order**. Regis is further ORDERED to supplement its responses
3 to interrogatories six through ten **within seven day of making initial expert disclosures**, to the extent
4 that the expert disclosures do not directly answer the questions. In particular, Regis shall make it clear
5 what the scope of its legal contentions are. The remainder of Wella's discovery request is DENIED.
6 (Doc. 26.)

8    **IT IS SO ORDERED.**

10  Dated: May 19, 2011

    SUSAN ILLSTON
    United States District Judge